IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

DAWN MCCUTCHEON,

      Plaintiff,

v.

DRS BONDED COLLECTION SYSTEMS, INC.,

      Defendant.

_____/

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.      Plaintiff, DAWN MCCUTCHEON ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Broward, and City of Miramar.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, DRS BONDED COLLECTION SYSTEMS, INC., ("Defendant") or ("DRS") is a corporation who at all relevant times was engaged, by use of the mails and

telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11.     In connection with an attempt to collect an alleged debt, Defendant, via its agents and/or employees "Carrie Diaz" and "Lacey Bean," used willfully abusive language or language the natural consequence of which was to abuse Plaintiff during telephonic communications with Plaintiff at Plaintiff's place of employment on March 7, 2011, March 22, 2011 and March 23, 2011, including but not limited to, stating "They're going to come after you," "Whatever. We know your game… You don't pay anybody," and further telling Plaintiff "Whatever" when Plaintiff asked the Defendant to cease all telephone calls to Plaintiff's place of employment.

12.     In connection with an attempt to collect an alleged debt, Defendant via its agent and/or employee "Carrie Diaz," contacted Plaintiff via telephone call on February 22, 2011 and

March 7, 2011, and in both instances, failed to disclose its true corporate or business name and further failed to notify Plaintiff that the communication was from a debt collector.

13.     In connection with an attempt to collect an alleged debt, Defendant, via its agent and/or employee "Lacey Bean," contacted Plaintiff via telephone call on March 23, 2011, and at such time, failed to notify Plaintiff that the communication was from a debt collector.

14.     In connection with an attempt to collect an alleged debt, Defendant charged and collected a $20.00 fee from Plaintiff that was not expressly authorized by the agreement creating the debt.

15.     In connection with an attempt to collect an alleged debt, Defendant failed to notify Plaintiff in writing not more than ten nor less than three days before depositing a post-dated check that was post-dated by more than 5 days.

16.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## <u>COUNT I</u>

17.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

18.     Defendant violated 15 U.S.C. § 1692d(2) by using language, in connection with the collection of a debt, the natural consequences of which was to abuse Plaintiff

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated  15 U.S.C. § 1692d(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

19.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

20.     Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

21.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

22.     Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated  15 U.S.C. § 1692e(11);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## **COUNT IV**

23.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

24.     Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated  15 U.S.C. § 1692f(1);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

25.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

26.   Defendant violated 15 U.S.C. § 1692f(2) by failing to notify Plaintiff in writing not more than ten nor less than three days before depositing a post-dated check that was post-dated more than five days.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated  15 U.S.C. § 1692f(2);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATIONS OF THE SECTION 559.72(8) OF THE FCCPA
## AGAINST DRS

27.   Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-16 of this complaint.

28.     Defendant violated §559.72(8) of the Florida Consumer Collection Practices Act by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor.

29.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DAWN MCCUTCHEON, by and through her attorneys, respectfully prays for judgment as follows:

a.     All actual compensatory damages suffered;

b.     Emotional and/or mental anguish damages;

c.     Statutory damages of $1,000.00;

d.     Plaintiff's attorneys' fees and costs;

e.     Any other relief deemed appropriate by this Honorable Court.

## COUNT VI
## VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA
## AGAINST DRS

30.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-16 of this complaint.

31.     Defendant violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserting the existence of some other legal right when such person knows the right does not exist.

32.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DAWN MCCUTCHEON, by and through her attorneys, respectfully prays for judgment as follows:

      a.      All actual compensatory damages suffered;

      b.      Emotional and/or mental anguish damages;

      c.      Statutory damages of $1,000.00;

      d.      Plaintiff's attorneys' fees and costs;

      e.      Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

33.      Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 14th day of June, 2011.

Respectfully submitted,
**DAWN MCCUTCHEON**

By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com